```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF RHODE ISLAND

VIVIAN MORENO,                          :
          Plaintiff,                    :
                                        :
     v.                                 :       CA 09-078 ML
                                        :
NORFOLK & DEDHAM GROUP,                 :
OLIVE CAMERON-MORSE,                    :
VAN TIENHOVEN & COTTER LIMITED,         :
          Defendants.                   :
```

### ORDER

### DENYING WITHOUT PREJUDICE

### APPLICATION TO PROCEED IN FORMA PAUPERIS

### AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Before the Court is the Application to Proceed without Prepayment of Fees and Affidavit ("Application") of Plaintiff Vivian Moreno ("Plaintiff"). Plaintiff filed the Application and her Complaint on February 23, 2009. In the one page Complaint, Plaintiff states:

> I am filing the lawsuit against Norfolk as the insurance company for Olive Cameron-Morse because I incurr[ed] medical expenses, loss of income and pain and suffering due to the automobile accident that happened on 09-11-06. I am requesting a jury trial and a demand in the amount of the full policy limits of $50,000.00 from the insured company as well as my insurance company GEICO for the total amount of $300,000. I am also requesting pain and suffering and monetary damages for the insurance company not taking care of the matter on time in the amount of $700,000.00[.] I am also requesting punit[ive] damages.

Complaint.

Plaintiff's Complaint does not comply with Federal Rule of

Civil Procedure 8(a).[1]  It does not contain a short and plain statement of the grounds for the court's jurisdiction.  The Complaint is also confusing or unclear for the following reasons:

    1.  Van Tienhoven & Cotter Limited ("Van Tienhoven & Cotter") is listed as a defendant in the caption, but this entity is not mentioned in the body of the Complaint.  Thus, it is unclear whether Van Tienhoven & Cotter is a defendant, and, if it is, the basis for its alleged liability to Plaintiff.

    2.  In the body of the Complaint, Plaintiff appears to indicate that she is seeking $250,000.00 from GEICO, but GEICO is not named as a defendant in the caption.

    3.  The basis for Olive Cameron-Morse's liability to Plaintiff is not stated (e.g., whether Cameron-Morse was the owner or operator of a motor vehicle which negligently struck

---

[1] Federal Rule of Civil Procedure 8(a) states:

(a) Claim for Relief.  A pleading that states a claim for relief must contain:

    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Plaintiff or which negligently struck a motor vehicle in which Plaintiff was riding).

4. The location where the accident occurred is not stated.

5. It is unclear to which insurance company (Norfolk & Cotter or GEICO) Plaintiff is referring when she faults it for "not taking care of the matter on time ...," Complaint, and requests the payment of $700,000.00.

**Accordingly, Plaintiff is directed to file by March 19, 2009, a First Amended Complaint.  The First Amended Complaint shall comply with Federal Rule of Civil Procedure 8(a).  In particular the First Amended Complaint shall:**

   **1) state the basis for this Court's jurisdiction;**[2]

   **2) identify each defendant;**

   **3) state the address of each defendant;**

   **4) state the basis for each defendant's alleged liability to Plaintiff;**

   **5) state the amount of damages sought from each defendant; and**

   **6) state where the accident occurred.**

---

[2] For example, if Plaintiff contends that there is diversity jurisdiction because the controversy is between citizens of different states and the amount in controversy exceeds $75,000.00, Plaintiff shall so state.  See 28 U.S.C. § 1332(a). If Plaintiff contends that some other basis for federal jurisdiction exists, Plaintiff shall state what that basis is.

If Plaintiff fails to comply with this Order, this Magistrate Judge will issue a Report and Recommendation recommending that Plaintiff's Application be denied and that her Complaint be dismissed.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
March 4, 2009